IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WI-LAN, INC.,<br>Plaintiff,<br><br>v.<br><br>APPLE, INC., ALCATEL-LUCENT USA INC., DELL INC., HEWLETT-PACKARD COMPANY, HTC AMERICA, INC., KYOCERA COMMUNICATIONS, INC., NOVATEL WIRELESS, INC., SIERRA WIRELESS AMERICA, INC.,<br>Defendants. | Civil Action No. 6:11-CV-453-LED<br><br>JURY TRIAL REQUESTED |

**DEFENDANT KYOCERA COMMUNICATIONS INC.'S REPLY IN SUPPORT
OF MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

# FILED IN CAMERA

# TABLE OF CONTENTS

A. McKool Possesses Relevant Confidential Kyocera Information. ............................ 2

B. McKool's Prior Representation of Kyocera is Substantially Related to the Present Litigation .............................................................................................. 4

    1. The Current and Former Representations Involve Substantially Similar Legal Issues ................................................................................. 5

    2. The Current and Former Representations are Factually Similar ................ 6

    3. McKool was Substantially Involved in Important Aspects of the Former Representations ........................................................................................ 9

C. Disqualification of Mckool will not Prejudice Wi-LAN ....................................... 10

# TABLE OF AUTHORITIES

### Cases

*In re Am. Airlines, Inc.*, 972 F.2d 605, 615 (5th Cir. 1992) ..................................................... 1, 4, 9

*In re Riles*, 2000 WL 1062086, at *1, *3 (Fed. Cir. July 20, 2000) ............................................. 4

*Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221 (7th Cir. 1978) .................................. 4

### Statutes

35 U.S.C. § 286 ............................................................................................................................. 3

Wi-LAN's response to Kyocera's Motion to Disqualify is more concession than opposition. Wi-LAN's counsel, McKool Smith ("McKool"), concedes that McKool and Kyocera previously had an attorney-client relationship lasting several years, involving representation of Kyocera in at least eight different patent litigation matters, and defending more than twenty products McKool now accuses of infringement. McKool attempts to recharacterize the attorney-client relationship between McKool and Kyocera, alleging that McKool's prior representation of Kyocera—frequently as sole attorney of record, involving the same accused products, chipsets, standards, and legal arguments, and spanning a four-year period of time—are not as substantially related to the present patent litigation as they may appear.

McKool's anxious dance around the evidence and the applicable law is to no avail. The Fifth Circuit requires disqualification of McKool from representing Wi-LAN against Kyocera if *either* of the following are shown:

- McKool is in possession of Kyocera confidential information relevant to the Wi-LAN case, or

- McKool's prior representation of Kyocera is substantially related to the present Wi-LAN case.

*In re Am. Airlines, Inc.*, 972 F.2d 605, 615 (5th Cir. 1992). Given McKool's representation of Kyocera over a four-year period, McKool's admissions in its response, McKool's need to brief this matter *in camera* simply to respond to the Motion, and the evidence proffered by Kyocera (most of which remains undisputed or unexplained by McKool), Kyocera has established ***both*** of the above prongs, either of which requires disqualification. McKool's inability to minimize its lengthy attorney-client relationship with Kyocera is more quicksand than tonic, both highlighting the depth and reach of the relationship, and underscoring the severity of McKool's ethical bar from continuing as counsel for Wi-LAN in this case. For the reasons given in Kyocera's Motion and set forth more fully below, this Court should disqualify McKool.

A. **MCKOOL POSSESSES RELEVANT CONFIDENTIAL KYOCERA INFORMATION**

McKool currently possesses Kyocera confidential information relevant to the present Wi-LAN case. REDACTED

# REDACTED

In fact, Wi-LAN's response to Kyocera's Motion to Disqualify itself belies the argument that McKool has no confidential information of Kyocera. Wi-LAN requested additional time to respond to Kyocera's motion to proceed "in such a manner to ensure protection of Defendant Kyocera Communications, Inc.'s privileged information…"[3] McKool filed its opposition and all supporting documents *in camera* to "to ensure protection of any Kyocera privileged information and to prevent the inadvertent disclosure thereof."[4]

Finally, despite McKool's attempt to cloud the issues, Kyocera Communications, Inc. ("KCI"), the defendant in the present lawsuit, is the same entity as Kyocera Wireless Corp. that McKool admittedly represented. Kyocera Communications, Inc. "comprises the combined sales, marketing and service functions from Kyocera Wireless Corp. (KWC) and Kyocera Sanyo

---

[3] Unopposed Motion for Extension of Time [Dkt. No. 165] (May 9, 2012).

[4] Joint and Unopposed Motion to Permit Filing in Camera [Dkt. No. 167] (May 11, 2012).

Telecom Inc."[5]  The succession is so direct and comprehensive that Kyocera Communications retains the web address of www.kyocera-wireless.com.  Indeed, the same product lines McKool represented when the Company was known as *KWC* are accused in the infringement contentions McKool filed against *KCI*.  KCI is the successor in interest to KWC, and McKool knows it.

### B. MCKOOL'S PRIOR REPRESENTATION OF KYOCERA IS SUBSTANTIALLY RELATED TO THE PRESENT LITIGATION

McKool's prior representation of Kyocera is substantially related to the present case.  To address its predicament, McKool posits an unavailing standard regarding substantial similarity that is contrary to controlling Fifth Circuit law.  In McKool's view, substantial similarity requires highly specific documentary evidence of prior representation in which the accused technology, unconstrued patent claim language, and other facts and circumstances are virtually the same.

In truth, a lawyer's advice in the former representation need not be "relevant" in the evidentiary sense to be "substantially related" to the present action—it need only be akin to the present action in a way reasonable persons would understand as important to the issues involved.  *See In re Am. Airlines*, 972 F.2d at 618-19.  Moreover, rather than analyzing each individual matter separately, the Court should apply the substantial similarity test to the entire scope of McKool's representation of Kyocera.  *See In re Riles*, 2000 WL 1062086, at *1, *3 (Fed. Cir. July 20, 2000) (sustaining the disqualification of three attorneys who had institutional knowledge of their former client through multiple representations, even though the former and current matters did not involve the same patent); *see also Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224-26 (7th Cir. 1978) (approaching the substantial relationship test with respect

---

[5] Kyocera Continues Global Integration of Wireless Business, forms Kyocera Communications Inc. in San Diego (April 1, 2009), http://www kyocera-wireless.com/news/20090401 htm (Ex. S); *see also* Timms Decl. ¶ 2 (KWC "merged into KCI in April 2010").

to the entire scope of former counsel's prior representation). Applying the proper standard makes it clear that McKool's prior representation of Kyocera was significant, and involved factual and legal circumstances substantially similar—and, in some instances, identical— to those in the present case.

### 1. The Current and Former Representations Involve Substantially Similar Legal Issues

McKool's prior representation of Kyocera involved many of the *same* legal questions at issue in the present Wi-LAN case. For example, in the *Nokia* litigation, McKool filed and argued a motion on behalf of Kyocera to transfer the *Nokia* case from Texas to California. Many of McKool's arguments for transfer in the *Nokia* litigation are identical to the arguments in the motion to transfer venue filed by Defendants, including Kyocera, in the present litigation.

REDACTED

These arguments Mr. Baxter previously made on behalf of Kyocera are the identical arguments made by Kyocera and the other Defendants in the present litigation in support of transfer:

> For the majority of the Defendants, the Southern District of California is closer to the source of relevant documents . . . Kyocera, Novatel, and Sierra Wireless maintain their headquarters in the Southern District of California. . . Because infringement will center on third party chipmakers, and Qualcomm, located in the Southern District of California, is the primary chip supplier for most of the Defendants, most of the relevant documents

REDACTED

and evidence regarding the structure, function, and operation of the accused chips will be located in the Southern District of California.[7]

REDACTED

### 2. The Current and Former Representations are Factually Similar

REDACTED

---

[7] Defendants' Motion to Transfer Venue [Dkt. No. 129]  (Feb. 21, 2012).

REDAC

REDACTED

The *Williams Wireless* infringement contentions served on McKool as Kyocera's counsel state:

> Various versions of Kyocera's products incorporate wireless communication devices that interface with the conventional cellular telephone system, including various CDMA based telecommunications networks. **Accordingly, the Kyocera's products necessarily incorporate CDMA wireless chipsets that are compatible with the CDMA cellular networks.** Accordingly, Kyocera's products incorporate one or more of the chipsets identified below in the following claim charts, which are chipsets designed to communicate with CDMA cellular networks . . . Certain of Kyocera's wireless mobile devices, in particular at least the KX2/Koi, have been manufactured and delivered incorporating the Qualcomm MSM6100 chipset solution (pictured below). **The MSM6100 chipset includes circuitry and componentry that causes the device to interface a data transfer device with a radio transceiver, as claimed in U.S. Patent 4,809,297**.[10]

Wi-LAN's infringement contentions in the present case are similarly directed to the CDMA standard, and McKool has leveled an infringement allegation against the very same KX2/Koi product it previously defended. A fine line permitting McKool to switch sides on the KX2/Koi product, and its compliance with the CDMA standards, is not available.

What is more, Williams Wireless identified a "representative sample chipset implementing the alleged requisite elements specified by the '297 patent" as the Qualcomm MSM6000 and MSM6100 series of Chipset Solutions.[11] These are, again, the same Qualcomm chipsets alleged to implement the presently accused CDMA2000 standard found in several

---

(continued…)

REDACTED

[10] Exhibit 8 to Motion for Sanctions and to Compel Further Infringement Contentions, *Williams Wireless* [Dkt. No. 96-9] (E.D. Tex., Mar. 21, 2007) (emphasis added) (Ex U).

[11] Exhibit 8 to Motion for Sanctions and to Compel Further Infringement Contentions, *Williams Wireless* [Dkt. No. 96-9] (E.D. Tex., Mar. 21, 2007) (Ex. U).; Appendix to motion to Compel Further Infringement Contentions, *Williams Wireless* [Dkt. No. 66] at 352-360 (E.D. Tex., Jan. 24, 2007) (Ex. W).

accused products.[12]  Further, as discussed in the instant motion, *Williams Wireless* accused 20 of the same devices McKool now accuses of infringement for Wi-LAN.[13]  McKool, as sole counsel of record for Kyocera in the *Williams Wireless* matter, cannot claim that it did not participate in all aspects of Kyocera's defense of claims of patent infringement involving wireless data transmission and receipt functions of the *same products containing the same chipsets*.[14]

REDACTED

Just as in the present litigation, where the accused standards are implemented on chips supplied to Kyocera by Qualcomm, in the *Nokia* litigation, the *same accused standards* were implemented on *chips supplied by the same source*.[16]  Not only are some of the same chips and

---

[12] Exhibit A to Kyocera's Responses to Wi-LAN's First Common Interrogatories nos. 1-8 (Ex. X).

[13] *Compare* Wi-LAN's Disclosure of Asserted Claims and Infringement Contentions Pursuant to the Patent Local Rules, Exhibit 6 (Patiño Decl. Ex. B) *with Williams Wireless* Complaint (Patiño Decl. Ex. F) at ¶ 21.

[14] *See, e.g.,* Appendix to Motion to Compel Further Patent Rule 3-1 Contentions, *Williams Wireless* [Dkt. No. 66] at 352-360, 372-373 (E.D. Tex., Jan. 24, 2007) (Ex. U); Defendants' Responsive Brief on Claim Construction, *Williams Wireless* (Patiño Decl. Ex. M) (attempting to construe claims containing terms in common with the patents-in-suit such as "data," "signals," and "transceiver," in the context of wireless data transmission).

R

[16] *See* Exhibit A to Kyocera's response to Wi-LAN's Common Interrogatory Nos. 1-8.  (Ex X).

standards accused, but also the same Kyocera phones.  McKool attempts to argue that other standards are also at issue in the present case, but this does not obscure the fact that the same CDMA2000 standard central to the *Nokia* litigation is central to the present case.[17]

REDACTED

On these facts, many of which are documented by McKool itself in its response, the substantial relationship between the prior representation and the present case is glaring. Accordingly, there is an irrebuttable presumption "that relevant confidential information was disclosed during the former period of representation," and disqualification is required.  *In re Am. Airlines*, 972 F.2d at 614.

### 3. McKool was Substantially Involved in Important Aspects of the Former Representations

REDACTED

Namely, in both

---

[17] *See* Wi-LAN's Disclosure of Asserted Claims and Infringement Contentions Pursuant to the Patent Local Rules, Exhibit 6 (Patiño Decl. Ex. B).

REDA

*Williams Wireless* and *Wireless Agents* McKool was Kyocera's **sole counsel of record**.[20]

REDACTED

### C.    DISQUALIFICATION OF MCKOOL WILL NOT PREJUDICE WI-LAN

McKool claims that Wi-LAN would be prejudiced by the disqualification of McKool from this case, and in doing so, incorrectly implies that Kyocera seeks McKool's disqualification as to all Defendants.  McKool should be disqualified from the present matter with respect to Kyocera only.  This can be accomplished by severing Kyocera from this case, leaving Wi-LAN to re-file a separate action against Kyocera through other counsel.

In comparison, McKool's continued representation adverse to Kyocera in this matter would be highly prejudicial to Kyocera.  The public suspicion over the inviolability of the attorney-client privilege is assured if McKool may continue in this case after Kyocera has paid almost $1.7 million over the course of years to train McKool to more effectively prosecute this case.

For all of the foregoing reasons, as well as those cited in Kyocera's Motion, Kyocera respectfully requests that McKool be disqualified as Wi-LAN's counsel in this case with respect to Kyocera.

---

[20] *See, e.g.,* Excerpt from Docket Rpt. for Case 4:06-cv-305 *Williams Wireless Techs v. RIM* (E.D. Tex.) (Ex. Z); Excerpt from Docket Rpt. for Case 3:05-cv-290 *Wireless Agents v. Kyocera Wireless* (N.D. Tex.) (Ex. AA).

May 23, 2012                             Respectfully submitted,

/s/ *Jose L. Patiño*
Jose L. Patiño
jlpatino@jonesday.com
Nicola A. Pisano
napisano@jonesday.com
JONES DAY
12265 El Camino Real
San Diego, CA 92130
Telephone: 858.314.1200
Facsimile: 858.314.1150

Daniel T. Conrad
Texas State Bar No. 24026608
dtconrad@jonesday.com
Nickou Oskoui
State Bar No. 24070372
noskoui@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: 214.220.3939
Facsimile: 214.969.5100

ATTORNEYS FOR DEFENDANT
KYOCERA COMMUNICATIONS, INC.

**CERTIFICATE OF SERVICE**

I certify that true and correct copies of the foregoing was served on counsel for Wi-LAN via electronic mail on May 23, 2012. A redacted copy of the foregoing was filed electronically pursuant to Local Rule CV-5(a) on May 23, 2012. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system. Any sealed document(s) were promptly served by electronic mail on counsel of record.

/s/ *Jose L. Patiño*

**CERTIFICATE OF AUTHORITY TO SEAL**

The undersigned hereby certifies that under Local Rule CV-5(a)(7)(A), Exhibit X to the Supplemental Declaration of Jose L. Patiño in Support of Kyocera Communications, Inc.'s Motion to Disqualify Plaintiff's Counsel is filed under seal pursuant to the Protective Order (ECF No. 172) entered in this case.

/s/ *Jose L. Patiño*