IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WI-LAN, INC., <br> Plaintiff, <br> <br> v. <br> <br> APPLE, INC., ALCATEL-LUCENT USA INC., DELL INC., HEWLETT-PACKARD COMPANY, HTC AMERICA, INC., KYOCERA COMMUNICATIONS, INC., NOVATEL WIRELESS, INC., SIERRA WIRELESS AMERICA, INC., <br> Defendants. | § § § § § § § § § § § § § § | Civil Action No. 6:11-CV-453-LED <br><br> JURY TRIAL REQUESTED |

**<u>DEFENDANT KYOCERA COMMUNICATIONS INC.'S REPLY IN SUPPORT
OF MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL</u>**

# FILED IN CAMERA

Wi-LAN's counsel, McKool Smith ("McKool"), concedes that McKool and Kyocera previously had an attorney-client relationship lasting several years, involving representation of Kyocera in at least eight different patent litigation matters, and defending more than twenty products McKool now accuses of infringement.  McKool attempts to recharacterize the attorney-client relationship—frequently as sole attorney of record, involving the same accused products, chipsets, standards, and legal arguments, and spanning a four-year period of time—as not as substantially related to the present patent litigation as they may appear.  However, McKool's anxious dance around the evidence and the applicable law is to no avail.

The Fifth Circuit requires disqualification of McKool from representing Wi-LAN against Kyocera if *either* of the following is shown: (1) McKool is in possession of Kyocera confidential information relevant to the Wi-LAN case, or (3) McKool's prior representation of Kyocera is substantially related to the present Wi-LAN case.  *In re Am. Airlines, Inc.*, 972 F.2d 605, 615 (5th Cir. 1992).  Given McKool's multi-year representation of Kyocera, McKool's admissions in its response, McKool's need to brief this matter *in camera* simply to respond to the Motion, and the evidence proffered by Kyocera (most of which remains undisputed or unexplained by McKool), Kyocera has established *both* of the above prongs, either of which requires disqualification.

      **A.**    **MCKOOL POSSESSES RELEVANT CONFIDENTIAL INFORMATION**





Further, McKool's failed timing argument does not speak to the confidential information McKool received regarding Kyocera product lines back to September 2005 – within the six year limitations period for this case per 35 U.S.C. § 286.  As such, Wi-LAN delayed its response to this Motion to proceed in protection of Kyocera's "privileged information," and filed *in camera* "to ensure protection of any Kyocera privileged information and to prevent the inadvertent disclosure thereof." [3]

---



[3] *See* Unopposed Motion for Extension of Time [Dkt. No. 165] (May 9, 2012); Joint and Unopposed Motion to Permit Filing in Camera  [Dkt. No. 167] (May 11, 2012).

Despite McKool's attempt to cloud the issues, Kyocera Communications, Inc. ("KCI") is the same entity as Kyocera Wireless Corp. that McKool admittedly represented. KCI "comprises the combined sales, marketing and service functions from Kyocera Wireless Corp. (KWC) and Kyocera Sanyo Telecom Inc."[4] In fact, KCI retains the web address of www.kyocera-wireless.com. Indeed, as documented by Kyocera's Motion, the same product lines McKool represented when the Company was known as *KWC* are accused in the infringement contentions McKool filed against *KCI*. KCI is the successor in interest to KWC, and McKool knows it.

### B.  MCKOOL'S PRIOR SUBSTANTIALLY RELATED REPRESENTATION

McKool posits an unavailing standard requiring highly specific relevance that is contrary to controlling Fifth Circuit law. A lawyer's advice to a former client need not be "relevant" in the evidentiary sense to be "substantially related"—it need only be akin to the present action in a way reasonable persons would understand as important to the issues involved. *See In re Am. Airlines*, 972 F.2d at 618-19. Further, the entire scope of McKool's representation of Kyocera is considered, and when it is, disqualification is required. *See In re Riles*, 2000 WL 1062086, at *1, *3 (Fed. Cir. July 20, 2000) (disqualification of attorneys with institutional knowledge of former client through multiple representations, even though former and current cases did not involve the same patent); *see also Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224-26 (7th Cir. 1978) (similar in antitrust context).

McKool's prior representation of Kyocera involved many of the ***same*** legal questions at issue in the present Wi-LAN case. In the *Nokia* litigation, McKool filed and argued a motion for Kyocera to transfer the case to California. McKool's arguments for transfer in the *Nokia*

---

[4] Kyocera Continues Global Integration of Wireless Business, forms Kyocera Communications Inc. in San Diego (April 1, 2009), http://www kyocera-wireless.com/news/20090401 htm (Ex. S); *see also* Timms Decl. ¶ 2 (KWC "merged into KCI in April 2010").

litigation are identical to the arguments in the transfer motion filed by Defendants, including Kyocera, in the present litigation.[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

McKool is also unable to challenge the factual similarities between the present litigation and McKool's multi-year representation of Kyocera. The infringement contentions in *Williams Wireless*[7] confirm that case was directed to the *same* CDMA standard, twenty of the *same* products and some of the *same* Qualcomm chipsets Wi-LAN accuses here.[8] As sole counsel of record for Kyocera in the *Williams Wireless* matter, McKool cannot claim it did not participate in all aspects of Kyocera's defense involving the ***same products containing the same chipsets***.[9]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[5] *Compare* Declaration of Sam Baxter in Support of McKool's Response ("Baxter Decl."), Ex. A at 19:12-18, *with* Defendants' Motion to Transfer Venue [Dkt. No. 129] (Feb. 21, 2012).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[7] Exhibit 8 to Motion for Sanctions and to Compel Further Infringement Contentions, *Williams Wireless* [Dkt. No. 96-9] (E.D. Tex., Mar. 21, 2007) (emphasis added) (Ex U); Appendix to motion to Compel Further Infringement Contentions, *Williams Wireless* [Dkt. No. 66] at 352-360 (E.D. Tex., Jan. 24, 2007) (Ex. W).

[8] Exhibit A to Kyocera's Responses to Wi-LAN's First Common Interrogatories nos. 1-8 (Ex. X). *Compare* Wi-LAN's Disclosure of Asserted Claims and Infringement Contentions Pursuant to the Patent Local Rules, Exhibit 6 (Patiño Decl. Ex. B) *with Williams Wireless* Complaint (Patiño Decl. Ex. F) at ¶ 21.

[9] *See, e.g.,* Appendix to Motion to Compel Further Patent Rule 3-1 Contentions, *Williams Wireless* [Dkt. No. 66] at 352-360, 372-373 (E.D. Tex., Jan. 24, 2007) (Ex. U); Defendants' Responsive Brief on Claim Construction, *Williams Wireless* (Patiño Decl. Ex. M). McKool was also sole counsel of record for Kyoera in *Wireless Agents*. *See* Excerpt from Docket Rpt. for *Wireless Agents v. Kyocera Wireless* (N.D. Tex.) (Ex. AA).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ Moreover, the same CDMA2000 standard central to the *Nokia* litigation is central to the present case; that the *same accused standards* were implemented on *chips supplied by the same source* in *Nokia* as those at issue here.[13] Given the palpable substantial similarity, there is an irrebuttable presumption "that relevant confidential information was disclosed during the former period of representation," and disqualification is required. *In re Am. Airlines*, 972 F.2d at 614.

### C. DISQUALIFICATION OF MCKOOL WILL NOT PREJUDICE WI-LAN

McKool claims that Wi-LAN would be prejudiced by the disqualification of McKool from this case, and in doing so, incorrectly implies that Kyocera seeks McKool's disqualification as to all Defendants. McKool should be disqualified from the present matter with respect to Kyocera only. This can be accomplished by severing Kyocera from this case, leaving Wi-LAN to re-file a separate action against Kyocera through other counsel. In comparison, McKool's continued representation adverse to Kyocera in this matter would be highly prejudicial to Kyocera. The public suspicion over the inviolability of the attorney-client privilege is assured if McKool may continue in this case after Kyocera has paid almost $1.7 million over the course of years to train McKool to more effectively prosecute this case.

For all of the foregoing reasons, McKool should be disqualified with respect to Kyocera.

---

[13] *See* Exhibit A to Kyocera's response to Wi-LAN's Common Interrogatory Nos. 1-8. (Ex X); Wi-LAN's Disclosure of Asserted Claims and Infringement Contentions Pursuant to the Patent Local Rules, Exhibit 6 (Patiño Decl. Ex. B).

May 25, 2012						Respectfully submitted,

							/s/ *Jose L. Patiño*
							Jose L. Patiño
							jlpatino@jonesday.com
							Nicola A. Pisano
							napisano@jonesday.com
							JONES DAY
							12265 El Camino Real
							San Diego, CA 92130
							Telephone: 858.314.1200
							Facsimile: 858.314.1150

							Daniel T. Conrad
							Texas State Bar No. 24026608
							dtconrad@jonesday.com
							Nickou Oskoui
							State Bar No. 24070372
							noskoui@jonesday.com
							JONES DAY
							2727 North Harwood Street
							Dallas, Texas 75201
							Telephone: 214.220.3939
							Facsimile: 214.969.5100

							ATTORNEYS FOR DEFENDANT
							KYOCERA COMMUNICATIONS, INC.

**CERTIFICATE OF SERVICE**

I certify that true and correct copies of the foregoing was served on counsel for Wi-LAN via electronic mail on May 25, 2012.  A redacted copy of the foregoing was filed electronically pursuant to Local Rule CV-5(a) on May 25, 2012.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.  Any sealed document(s) were promptly served by electronic mail on counsel of record.

/s/ *Jose L. Patiño*

**CERTIFICATE OF AUTHORITY TO SEAL**

The undersigned hereby certifies that under Local Rule CV-5(a)(7)(A), Exhibit X to the Supplemental Declaration of Jose L. Patiño in Support of Kyocera Communications, Inc.'s Motion to Disqualify Plaintiff's Counsel is filed under seal pursuant to the Protective Order (ECF No. 172) entered in this case.

/s/ *Jose L. Patiño*