## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| WI-LAN INC., <br><br>                 Plaintiff, <br><br>     v. <br><br> APPLE, INC., ALCATEL-LUCENT USA INC., DELL INC., HEWLETT-PACKARD COMPANY, HTC AMERICA, INC., KYOCERA INTERNATIONAL, INC., KYOCERA COMMUNICATIONS, INC., NOVATEL WIRELESS, INC., SIERRA WIRELESS AMERICA, INC., <br><br>                 Defendant. | Civil Action No.: 6:11-cv-453 <br><br> Honorable Leonard Davis |

## DEFENDANT DELL INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT AND MEMORANDUM OF LAW IN SUPPORT

Kimball R. Anderson
Anthony D. Pesce
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
kanderson@winston.com
apesce@winston.com

*Attorneys for Defendant Dell Inc.*

OF COUNSEL:
Howard I. Shin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
hshin@winston.com

# TABLE OF CONTENTS

I.   Statement of Issue to be Decided .......................................................................1

II.   Statement of Undisputed Material Facts ...........................................................1

    A.   Wi-LAN's First Action Against Dell ......................................................1

    B.   Wi-LAN's Second Action Against Dell .................................................3

III.   Legal Standards ...............................................................................................4

    A.   Summary Judgment ................................................................................4

    B.   Claim Preclusion ....................................................................................5

        1.   Finality of a Prior Judgment ......................................................5

        2.   Reservation of Rights.................................................................7

IV.   Plaintiff's Claim of Infringement by the Same Products Accused of Infringement in *Wi-LAN I* is Barred .........................................................................8

    A.   Claim Preclusion Prevents Wi-LAN From Relitigating its Earlier Cause of Action...........................................................................................8

    B.   Wi-LAN's Reservation of Rights is Ineffective to Reverse the Earlier Determination on the Merits ...................................................................11

V.   Newly Accused Wireless Cards That Were Part of the Previously Accused Products Are Also Precluded .............................................................................12

VI.   Conclusion .......................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Acumed LLC v. Stryker Corp.*,
   525 F.3d 1319 (Fed. Cir. 2008)....................................................................6, 9, 13

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...........................................................................................4, 5

*Aro Mfg. Co. v. Convertible Top Replacement Co., Inc.*,
   365 U.S. 336 (1961)...............................................................................................10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)..................................................................................................5

*Commissioner v. Sunnen*,
   333 U.S. 591 (1948)......................................................................................5, 8, 11

*Cromwell v. County of Sac*,
   94 U.S. 351 (1876)....................................................................................................5

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ......................................................................7, 8, 11

*Foster v. Hallco Mfg. Co., Inc.*,
   947 F.2d 469 (Fed. Cir. 1991)..............................................................................6, 13

*Hallco Mfg. Co., Inc. v. Foster*,
   256 F.3d 1290 (Fed. Cir. 2001).....................................................................5, 6, 7, 11

*Hartley v. Mentor Corp.*,
   869 F.2d 1469 (Fed. Cir. 1989)...............................................................................6

*In re W. Tex. Mktg. Corp.*,
   12 F.3d 497 (5th Cir. 1994) ......................................................................................7

*Lawlor v. Nat'l Screen Serv. Corp.*,
   349 U.S. 322 (1955)....................................................................................................6

*McClain v. Ortmayer*,
   141 U.S. 419 (1891)................................................................................................10

*Mercoid Corp. v. Mid-Continent Inv. Co.*,
   320 U.S. 661 (1944)................................................................................................10

*Nevada v. United States*,
    463 U.S. 110 (1983) .................................................................................................5

*Oreck Direct, LLC v. Dyson, Inc.*,
    560 F.3d 398 (5th Cir. 2009) .................................................................................9

*Scott v. Harris*,
    550 U.S. 372 (2007) .................................................................................................5

*Wi-LAN Inc. v. Dell Inc. et al.*,
    2:07-cv-473-TJW (E.D. Tex.) ........................................................................ passim

*Young Eng'r, Inc. v. United States Int'l Trade Comm'n*,
    721 F.2d 1305 (Fed. Cir. 1983) .............................................................6, 7, 10, 12

**STATUTES**

35 U.S.C. § 112 ¶ 2 ............................................................................................................2

35 U.S.C. § 271(a) ...........................................................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c)(2) ......................................................................................................4

Fed. R. Civ. P. 56(e) ..........................................................................................................5

Patent Local Rule 3-1.....................................................................................................2, 4

Restatement (Second) of Judgments § 24 (1982) .............................................................6

Pursuant to the Court's June 7, 2012 Order granting leave to file this motion (D.I. 187), Defendant Dell Inc. hereby moves for an Order granting partial summary judgment of non-infringement based upon a prior dismissal with prejudice of an earlier case raising the identical cause of action.  Plaintiff's present claim that Defendant Dell is liable for infringement of the patents asserted in this case was finally adjudicated in the previous action between the parties and, under the doctrine of claim preclusion, cannot be relitigated here.

I.      STATEMENT OF ISSUE TO BE DECIDED

Whether Plaintiff is precluded under the doctrine of *res judicata* from maintaining this action with respect to the same products that were previously accused of infringing the same patents in an earlier action by Plaintiff.

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

A.      WI-LAN'S FIRST ACTION AGAINST DELL

In this patent infringement action, Plaintiff Wi-LAN has accused Defendant Dell Inc. of infringement of U.S. Patents Nos. 5,282,222 and RE37,802 ("the '222 Patent" and "the '802 Patent").  But this is not the first time that Plaintiff Wi-LAN has accused Dell of infringing the Asserted Patents.  Nor is this the first time that the Dell products accused here have been accused of infringing the Asserted Patents.  In a patent infringement case filed on October 31, 2007, Wi-LAN filed its first suit against Dell and accused the same products of infringing the same patents.

In *Wi-LAN Inc. v. Dell Inc. et al.*, 2:07-cv-473-TJW (E.D. Tex.) (hereinafter, "*Wi-LAN I*"), Plaintiff Wi-LAN asserted that it "is the assignee of all rights, title, and interest in and to" three patents, including the '222 Patent and the '802 Patent." (*Wi-LAN I*, Am. Compl. ¶¶ 18-19 (Ex. 1).)  As the purported assignee of these patents, Plaintiff Wi-LAN claimed that it had a cause of action against Dell because:

> Dell has been and is now infringing . . . the Patents-in-Suit . . . by
> making, using, offering for sale, importing, and/or selling personal
> computers and/or other products with wireless capability,
> including, but not limited to, products compliant with the IEEE
> 802.11 and/or 802.16 standards that fall within the scope of at least
> one claim of each of the Patents-in-Suit.

(*Wi-LAN I*, Am. Compl. ¶ 24.)

The specific patent claims[1] that were alleged to be infringed by Dell were identified in

Plaintiff's Infringement Contentions (Ex. 2), served on October 30, 2008.   Plaintiff's

Infringement Contentions specified that the following claims of the Asserted Patents were

infringed by Dell:

- Claims 1-3 and 7-9 of the '222 Patent.
- Claims 1, 4-5, 10, 12-14, 17, 20-25, 29-31, 33-34, and 36-38 of the '802 Patent.

(*Wi-LAN I*, Pl.'s Infringement Contentions at § I.A (Ex. 2).)

Pursuant to Patent Local Rule 3-1 of this Court, Plaintiff's Infringement Contentions in

*Wi-LAN I* also specified that the following Dell products were being accused of infringing the

Asserted Claims:

- Dell XPS Notebook Computers
- Dell Inspiron Notebook Computers
- Dell Latitude Notebook Computers
- Dell Precision Notebook Computers
- Dell Vostro Notebook Computers

(*Wi-LAN I*, Pl.'s Infringement Contentions at "Ex. 1 – Dell.")

The parties in *Wi-LAN I* continued to litigate right up until the eve of trial, but the case

was resolved by the parties prior to trial.   In resolving their dispute, Plaintiff Wi-LAN and Dell

filed on March 11, 2011, a Stipulation and Joint Motion to Dismiss With Prejudice.   (*See* Ex. 3.)

---

[1] As used in this context, the "claims" corresponding to the patent claims set forth in a patent pursuant to
35 U.S.C. § 112 ¶ 2 are differentiated from Plaintiff's cause of action related to its assertion of the '222
and '802 Patents against Dell.

-2-

This motion was granted by Judge Ward on March 24, 2011.  (*Wi-LAN I*, Dismissal Order (D.I. 1139) (Ex. 4).)  The terms of the Dismissal Order were unambiguous and stated:

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED that:

> (1)     All claims against Dell presented by Wi-LAN's Complaint and all of Dell's counterclaims shall be dismissed with prejudice;

> (2)     Wi-LAN reserves all rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011 and Dell expressly reserves all counterclaims or defenses as to any future actions by Wi-LAN against Dell; and

> (3)     Wi-LAN and Dell each shall bear their own costs and attorneys' fees.

(Dismissal Order at 1.)

### B.     WI-LAN'S SECOND ACTION AGAINST DELL

The present action was filed by Plaintiff Wi-LAN on September 1, 2011.  As with the Complaint in *Wi-LAN I*, Plaintiff Wi-LAN's Complaint in this action again alleges that Wi-LAN "is the assignee of all rights, title, and interest in and to" the '222 Patent and the '802 Patent. (Am. Compl. ¶¶ 14, 16 (D.I. 1).)  Furthermore, as with the Complaint in *Wi-LAN I*, Plaintiff has again alleged that Dell products infringe these same patents:

> Dell has been and is now infringing . . . the Patents-in-Suit . . . by making, using, offering for sale, importing, and/or selling products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit ("Dell's Accused Products").

 (Am. Compl. ¶ 20.)

Dell was served with Plaintiff's Infringement Contentions (Ex. 5) on December 9, 2011. Plaintiff's current Infringement Contentions allege that the following claims of the Asserted Patents are being infringed by Dell:

- Claims 1-3 of the '222 Patent.

- Claims 1, 10, 12-14 of the '802 Patent.

(Pl.'s Infringement Contentions § I.A (Ex. 5).)  A comparison shows that these are the same claims of the Asserted Patents that were asserted in *Wi-LAN I*.

Finally, pursuant to Patent Local Rule 3-1 of this Court, Plaintiff's Infringement Contentions in this case identify the Dell products that Plaintiff Wi-LAN has accused of infringing the Asserted Patents.  Although several newly accused products, such as Dell cellular telephones, tablets, and wireless broadband cards, have been identified, most of the Dell products accused of infringement in this case are the same ones that were accused of infringement in *Wi-LAN I*, including:

- Dell XPS Notebook Computers
- Dell Inspiron Notebook Computers
- Dell Latitude Notebook Computers
- Dell Precision Notebook Computers
- Dell Vostro Notebook Computers

(*See* Pl.'s Infringement Contentions at "Ex. 3 – Dell.")  Appendix A to this brief provides a side-by-side comparison of the parties, patent claims, and products that were the subjects of these two actions.

## III.  LEGAL STANDARDS

### A.  SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining summary judgment motions, courts must review "facts . . . in the light most

-4-

favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed. R. Civ. P. 56(e).

### B. CLAIM PRECLUSION

#### 1. FINALITY OF A PRIOR JUDGMENT

Under the doctrine of claim preclusion, a plaintiff's cause of action, once decided on the merits, may not be relitigated. "The general concept of claim preclusion is that when a final judgment is rendered on the merits, another action may not be maintained between the parties on the same 'claim,' and defenses that were raised or could have been raised in that action are extinguished." *Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001). As described by the Supreme Court:

> Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948).

*Nevada v. United States*, 463 U.S. 110, 129-30 (1983).

The finality of this decision cannot be altered by later introducing evidence or theories that were not presented during the course of the original action. "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger

or bar (*see* §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."  RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982).

Likewise, a plaintiff cannot create a new cause of action by recharacterizing the facts that gave rise to the original cause of action.  Patent infringement claims are based upon the structure and functionality of the accused devices.  "[O]ne of the essential transactional facts giving rise to a patent infringement claim is the structure of the device or devices in issue."  *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008) (quoting *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479 (Fed. Cir. 1991)).  Thus, arguing that a previously accused device operates in a different manner, despite having the same structure as before, will fail to sustain a supposedly new cause of action because claim preclusion prevents relitigation of the same transactional facts that gave rise to plaintiff's original cause of action.  "Claim preclusion, where found, operates to bar subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief.  Generally, this principle rests on the assumption that all forms of relief could have been requested in the first action."  *Young Eng'r, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314 (Fed. Cir. 1983).  Such an argument is nothing more than a new theory of relief improperly raised after judgment.

For purposes of claim preclusion, a dismissal with prejudice is a judgment on the merits.  "It is of course true that the judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action."  *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955).  *See also Hallco Mfg. Co., Inc.*, 256 F.3d at 1297 (the prior infringement action "was terminated by a dismissal with prejudice, which is a judgment on the merits."); *Hartley v. Mentor Corp.*,

869 F.2d 1469, 1473 (Fed. Cir. 1989) (a stipulated dismissal with prejudice "operates as an adverse adjudication on the merits of a claim."); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of res judicata." (internal quotation marks and citation omitted)); *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 500 (5th Cir. 1994) ("[T]his court has long recognized that a consent judgment is a judgment on the merits, and is normally given the finality accorded under the rules of claim preclusion." (internal quotation marks and citations omitted)).

### 2. RESERVATION OF RIGHTS

A plaintiff's "reservation of rights" in a stipulated dismissal will be ineffective to allow a plaintiff to relitigate a claim of infringement by the same device that has already been found to be non-infringing. "[E]ven though the agreement does anticipate future determinations of infringement, such a provision cannot be extended to permit relitigation over a device that has already been adjudicated to [not] infringe, or a device that is legally the same as such [a non-] infringing device." *Hallco Mfg. Co., Inc.*, 256 F.3d at 1298. Otherwise, a court could come to the contradictory conclusion that a device is infringing, even though the very same device was determined to be non-infringing in a previous, identical action.

As a result, the doctrine of claim preclusion cannot be defeated by a prior settlement agreement supposedly reserving the right to raise subsequent challenges to infringement. "[W]here the alleged infringer prevails, the accused devices have the status of noninfringements, and the defendant acquires the status of a noninfringer to that extent." *Young Eng'r, Inc.*, 721 F.2d at 1316. "[T]he status of an infringer is derived from the status imposed on the thing that is embraced by the asserted patent claims, the thing adjudged to be infringing." *Id.*

IV.     **PLAINTIFF'S CLAIM OF INFRINGEMENT BY THE SAME PRODUCTS ACCUSED OF INFRINGEMENT IN *WI-LAN I* IS BARRED**

A.      **CLAIM PRECLUSION PREVENTS WI-LAN FROM RELITIGATING ITS EARLIER CAUSE OF ACTION**

For the majority of the products accused of infringement here, this action is an impermissible attempt to relitigate the very same issues that were litigated and resolved in an earlier action. As is evident from the record, the only difference between these two cases resides in the addition of a few newly accused products and the wording of the Complaint alleging a different infringement theory based upon compliance with a new set of wireless standards. This difference in the language of the pleadings is irrelevant to Plaintiff's cause of action because it cannot be disputed that Plaintiff Wi-LAN is asserting the same patents against Dell as it did before, and it is accusing the same Dell products of infringing these patents. Under the doctrine of claim preclusion, Plaintiff's case cannot stand.

In *Wi-LAN I*, the Plaintiff in the present action asserted that Dell was liable for the infringement of the '222 and '802 Patents by the manufacture, use, and sale of the products listed hereto in Appendix A at page 2. The March 24, 2011 Dismissal Order from *Wi-LAN I* finally resolved that action and unambiguously ordered that "[a]ll claims against Dell presented by Wi-LAN's Complaint and all of Dell's counterclaims shall be dismissed with prejudice." (Dismissal Order at 1.) This dismissal constitutes a judgment on the merits. "A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of res judicata." *Fernandez-Montes*, 987 F.2d at 284 n.8 (internal quotation marks and citation omitted). As a judgment on the merits, the dismissal served to extinguish Plaintiff's patent infringement claim for all time and "puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948).

The Fifth Circuit applies claim preclusion where: "(1) the parties are identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation omitted). In this action, Plaintiff Wi-LAN has again asserted the '222 and '802 Patents against Dell, and accuses of infringement most of the same products (*see* App. A at 2) that were already accused of infringement in *Wi-LAN I* ("the Overlapping Dell Products"). Thus, this case involves litigation of the same cause of action, by the same parties, despite the existence of a prior final judgment on the merits rendered by a court of competent jurisdiction. Under the doctrine of claim preclusion, Plaintiff's claim against Dell must be barred.

Furthermore, Plaintiff Wi-LAN's attempt to change its theory of infringement does not create a new cause of action here. In *Wi-LAN I*, Plaintiff accused the Overlapping Dell Products of being "compliant with the IEEE 802.11 and/or 802.16 standards" and therefore infringing the Asserted Patents. In this case, Plaintiff now accuses the same Overlapping Dell Products of being "compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards" and therefore infringing the Asserted Patent (*see supra* § I.B). Yet, this difference in the language of the Complaint is irrelevant for two critical reasons.

First, the Overlapping Dell Products are the same products accused of infringement in *Wi-LAN I.* Being the same products, the structure of these products has not changed. Because "one of the essential transactional facts giving rise to a patent infringement claim is the structure of the device or devices in issue," *Acumed LLC*, 525 F.3d at 1324, when the same product is

twice accused of infringement, there can be no argument that this transactional fact is not the same in both cases.

Second, Plaintiff's allegations in its Complaint do not define the scope of the patent grant that may be enforced; only the patent claims can define the scope of protectable subject matter. "[T]he claims made in the patent are the sole measure of the grant." *Aro Mfg. Co. v. Convertible Top Replacement Co., Inc.*, 365 U.S. 336, 339 (1961); "[T]he limits of the patent are narrowly and strictly confined to the precise terms of the grant." *Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 665 (1944); "He can claim nothing beyond it." *McClain v. Ortmayer*, 141 U.S. 419, 424 (1891).  The same patents that were asserted in *Wi-LAN I* are being asserted here. Plaintiff Wi-LAN cannot now attempt to create a new cause of action – in essence, an expansion of the scope of its patent grant – through an allegation in the Complaint that the Asserted Patents are now being enforced with respect to different wireless standards.  Industry standards do not create patent claims.  Stripped to its essence, Wi-LAN's argument is that it has a new legal theory of infringement, this time based upon compliance with industry standard X, while before it claimed infringement by compliance with industry standard Y.  But this is nothing more than a different theory of its original case, and although that argument could have been made in *Wi-LAN I*, that time has passed.

Plaintiff's ability to assert these patents against the Overlapping Dell Products was forever extinguished when *Wi-LAN I* was dismissed, regardless of what arguments were raised or could have been raised.  "Claim preclusion, where found, operates to bar subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief. Generally, this principle rests on the assumption that all forms of relief could have been requested in the first action." *Young Eng'r, Inc.*, 721 F.2d at 1314.  Despite the wording of the

-10-

Complaint, Plaintiff Wi-LAN is still asserting in this action the same patents against Dell as it did in *Wi-LAN I*, and it is accusing the same Dell products of infringing these same patents.  That cause of action has already been resolved.

**B.      WI-LAN'S RESERVATION OF RIGHTS IS INEFFECTIVE TO REVERSE THE EARLIER DETERMINATION ON THE MERITS**

The language of the Dismissal Order purporting to "reserve all rights" of Wi-LAN to bring another patent infringement action (*see* Dismissal Order at 1 (Ex. 4)) does not change this result.   Under Paragraph 2 of the Dismissal Order, "Wi-LAN reserves all rights to assert the Patents-in-Suit with respect to infringement occurring after March 11, 2011."  (Dismissal Order at 1.)  In order for infringement to occur after March 11, 2011, however, Plaintiff would have to prove that after March 11, 2011, Dell was making, using, offering to sell, or selling an infringing device. *See* 35 U.S.C. § 271(a).

Plaintiff Wi-LAN cannot prove this as a matter of law.  The Dismissal Order, having the same force and effect as a trial on the merits, has already determined, for all time, that the Overlapping Dell Products do not infringe the Asserted Patents.  *Fernandez-Montes v. Allied Pilot Assn.*, 987 F.2d at 284 n.8 ("A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of res judicata." (internal quotation marks and citation omitted)).   And, Wi-LAN cannot legitimately relitigate by agreement that which has already been decided.  "[S]uch a provision cannot be extended to permit relitigation over a device that has already been adjudicated to [not] infringe, or a device that is legally the same . . . as [a non-] infringing device."  *Hallco*, 256 F.3d at 1298.  "We will not give parties the power to agree to waste the resources of the courts in revisiting infringement determinations that have already been made."  *Id.*  The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever."  *Sunnen*, 333 U.S. at 597.

-11-

Accordingly, because the Overlapping Dell Products are not infringing devices, there can be no infringement by Dell after March 11, 2011, given that it was not making, using, offering to sell or selling an infringing device. "[T]he status of an infringer is derived from the status imposed on the thing that is embraced by the asserted patent claims, the thing adjudged to be infringing." *Young Eng'r, Inc.*, 721 F.2d at 1316. "[W]here the alleged infringer prevails, the accused devices have the status of noninfringements, and the defendant acquires the status of a noninfringer to that extent." *Id.* Although Plaintiff may have reserved the right to bring an action, with respect to the Overlapping Dell Products, Plaintiff Wi-LAN has no rights left to enforce.

## V. NEWLY ACCUSED WIRELESS CARDS THAT WERE PART OF THE PREVIOUSLY ACCUSED PRODUCTS ARE ALSO PRECLUDED

With respect to a number of newly accused wireless networking cards, Plaintiff Wi-LAN's cause of action against Dell is also barred by claim preclusion. These Wireless Cards, listed in Appendix B, are networking cards that were available with the previously accused Dell notebooks and were inserted into those notebook computers to provide them with wireless capability. (*See* Dell's Technical Documents (Ex. 6).)

The Asserted Patents in this action are directed to methods and apparatuses that "allow a number of wireless transceivers to exchange information (data, voice or video) with each other." ('222 Patent Abstract.) As an example, according to Plaintiff's Infringement Contentions, the accused devices are infringing because they "utilize a transceiver including a transmitter for transmitting electromagnetic signals and a receiver for receiving electromagnetic signals . . . ." (*See* Pl.'s Infringement Contentions – Attachment A, Claim 1 (Ex. 5).) Thus, the structure of the accused devices that is implicated by the claims of the Asserted Patents is that which provides wireless capability for the accused device, and as noted before, "one of the essential transactional

-12-

facts giving rise to a patent infringement claim is the structure of the device or devices in issue."
*Acumed LLC*, 525 F.3d at 1324 (quoting *Foster*, 947 F.2d at 479).

Although they are newly accused products in this litigation, these very cards were a component of many of the Dell notebook computers that were accused of infringement in *Wi-LAN I* and provide the accused wireless functionality.  As summarized in Appendix B, the Dell Wireless 5530, 5700, and 5720 Mobile Broadband cards were present in the notebook computers (such as the Inspiron 1420) that were accused of infringement in *Wi-LAN I*.  As such, with respect to the limitations of the Asserted Patents, they are the same devices (just removed from their computer) that were accused of infringement in *Wi-LAN I*.  In this case, the differences between the newly accused Wireless Cards and those products previously litigated in *Wi-LAN I* are unrelated to the claim limitations of the '222 and '802 Patents.  For these, Plaintiff is likewise precluded from maintaining an action for infringement.

## VI.   CONCLUSION

The previous *Wi-LAN I* action brought by Plaintiff was finally dismissed with prejudice after a lengthy and expensive litigation between the same parties to this action.  Plaintiff Wi-LAN has completely disregarded this past history between the parties and needlessly raised the identical cause of action again, resulting in unwarranted expenses to Dell for a matter that was finally resolved.  Dell therefore requests that this Court issue an Order granting partial summary judgment of non-infringement of the Asserted Patents on the basis that Plaintiff's current claims are barred under the doctrine of claim preclusion.

Dated:  June 28, 2012                                       Respectfully submitted,

                                                            /s/ Kimball R. Anderson
                                                            Kimball R. Anderson
                                                            Illinois State Bar No. 49980
                                                            kanderson@winston.com
                                                            Howard I. Shin

NY State Bar No.: 3949708
hshin@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Deron R. Dacus
Texas State Bar No. 00790553
ddacus@dacusfirm.com
The Dacus Firm, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117

Daniel T. Conrad
Texas State Bar No. 24026608
dtconrad@jonesday.com
Chijioke E. Offor
Texas State Bar No. 24065840
ceoffor@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys For Defendant Dell Inc.*

## APPENDIX A – TRANSACTIONAL FACTS

| Asserted Patents and Claims: | |
|---|---|
| ***Wi-LAN v. Dell***, 2:07-cv-473 (TJW) (E.D. Tex.) Dismissed With Prejudice: 3/24/11 | ***Wi-LAN v. Dell***, 6:11-cv-453 (LED) (E.D. Tex.) Filed: 9/1/11. |
| **U.S. Patent No. RE37,802**: Claims 1, 4-5, 10, 12-14, 17, 20-25, 29-31 33-34, 36-38. | **U.S. Patent No. RE37,802**: Claims 1, 10, 12-14. |
| **U.S. Patent No. 5,282,222**: Claims 1-3, 7-9. | **U.S. Patent No. 5,282,222**: Claims 1-3. |

———————————————

| Infringement Allegations of the Complaint: | |
|---|---|
| ***Wi-LAN v. Dell***, 2:07-cv-473 (TJW) (E.D. Tex.) Dismissed With Prejudice: 3/24/11. | ***Wi-LAN v. Dell***, 6:11-cv-453 (LED) (E.D. Tex.) Filed: 9/1/11. |
| 24. Upon information and belief, Dell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling<br><br>personal computers and/or other products with wireless capability, including, but not limited to, **products compliant with the IEEE 802.11 and/or 802.16 standards that fall within the scope of at least one claim of each of the Patents-in-Suit**. | 20. Dell has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District and elsewhere by making, using, offering for sale, importing, and/or selling<br><br>**products compliant with the CDMA2000 standards (including EVDO Rev. A), HSPA standards, IEEE 802.11 standards, and/or LTE standards, that fall within the scope of at least one claim of the Patents-in-Suit** ("Dell's Accused Products"). |

———————————————

1

| **Dell Products Accused of Infringement:** | |
|---|---|
| *Wi-LAN v. Dell*, 2:07-cv-473 (TJW) (E.D. Tex.) <br> Dismissed With Prejudice: 3/24/11 | *Wi-LAN v. Dell*, 6:11-cv-453 (LED) (E.D. Tex.) <br> Filed: 9/1/11. |
| | Vostro V131 Laptop |
| Vostro 1400 | Vostro 1400 |
| Vostro 1500 | Vostro 1500 |
| Vostro 1700 | Vostro 1700 |
| Inspiron 1420 | Inspiron 1420 |
| Inspiron 1520 | Inspiron 1520 |
| Inspiron 1521 | Inspiron 1521 |
| Inspiron 1525 | Inspiron 1525 |
| Inspiron 1526 | Inspiron 1526 |
| Inspiron 1720 | Inspiron 1720 |
| Inspiron 1721 | Inspiron 1721 |
| | Inspiron Mini 10 & Mini 10 (1012) |
| | Inspiron 11z |
| Latitude D420 | Latitude D420 |
| Latitude D430 | Latitude D430 |
| Latitude D620 | Latitude D620 |
| Latitude D630 | Latitude D630 |
| Latitude D631 | Latitude D631 |
| Latitude D820 | Latitude D820 |
| Latitude D830 | Latitude D830 |
| Latitude E4300 | Latitude E4300 |
| Latitude ATG D630 | Latitude ATG D630 |
| Latitude XFR D630 | Latitude XFR D630 |
| | Latitude E6420, ATG, & XFR |
| | Latitude E6520 |
| | Latitude E6220 |
| Precision M4300 | Precision M4300 |
| Precision M65 | Precision M65 |
| XPS M1210 | XPS M1210 |

| Dell Products Accused of Infringement: | |
|---|---|
| *Wi-LAN v. Dell*, 2:07-cv-473 (TJW) (E.D. Tex.)<br>Dismissed With Prejudice: 3/24/11 | *Wi-LAN v. Dell*, 6:11-cv-453 (LED) (E.D. Tex.)<br>Filed: 9/1/11. |
| XPS M1330 | XPS M1330 |
| XPS M1530 | XPS M1530 |
| XPS M1730 | XPS M1730 |
| Latitude XT (tablet PC) | Latitude XT (tablet PC) |
| | Alienware M11x R3 |
| | Venue & Venue Pro (Smartphone) |
| | Streak 5 & 7 (Tablet) |
| | Flash & Smoke (Smartphone) |
| Latitude XFR D630, et al. | Wireless 5530 & 5540 HSPA Mobile Broadband Mini-Card |
| | Wireless 5620 Multi-Mode Gobi Mobile Broadband Mini- Card |
| Latitude D420, et al.<br>Precision M4300, et al. | Wireless 5700 & 5720 Mobile Broadband CDMA EVDO MiniCard |
| | Dell Wireless 5800 4G (LTE/4G) Mobile Broadband Mini-Card |

———————————

**APPENDIX B**

**NEWLY ACCUSED WIRELESS CARDS PRESENT IN PREVIOUSLY ACCUSED DEVICES**

| DELL WIRELESS CARDS ACCUSED IN *WI-LAN II* | DELL DEVICES ACCUSED IN *WI-LAN I* WITH BROADBAND CARD |
|---|---|
| **Wireless 5720**: Built in Mobile Broadband (CDMA EV-DO RevA) Mini-Card | Precision M4300<br>Latitude XT<br>Latitude D620<br>Latitude D830<br>Latitude XFR D630<br>Latitude D630<br>Inspiron 1721<br>Inspiron 1720<br>Inspiron 1525<br>Inspiron 1521<br>Inspiron 1520<br>Inspiron 1420<br>Vostro 1700<br>Vostro 1500<br>Vostro 1400 |
| **Wireless 5530**: HSPA Mobile Broadband Mini-Card | Latitude XFR D630 |
| **Wireless 5540**: HSPA Mobile Broadband Mini-Card | Latitude E6400<br>Latitude E6500<br>Latitude E4200 |
| **Wireless 5700**: VZW Mobile Broadband CDMA EVDO MiniCard | Latitude D420<br>Latitude D620<br>Latitude D820<br>Precision M65<br>XPS M1210 |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2012, I electronically filed the foregoing DEFENDANT DELL INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT AND ITS MEMORANDUM OF LAW IN SUPPORT with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.


Dated: June 28, 2012

___/s/ Kimball R. Anderson_____